■ PATRICIA A. KELSEY et al., Appellants, v BRADLEY P. DE-GAN, Respondent. [697 NYS2d 426] —Order unanimously reversed on the law without costs and motion granted. Memorandum: On September 26, 1995, Patricia A. Kelsey (plaintiff) sustained injuries when her vehicle collided with a vehicle driven by defendant. Plaintiff was proceeding north on Transit Road. Plaintiff testified at her deposition that she was driving between 40 and 45 miles per hour in a 45 mile per hour zone as she approached the intersection of Transit Road and Tonawanda Creek Road in the Town of Lockport. There is a stop sign on Tonawanda Creek Road at that intersection and no traffic control device on Transit Road. As plaintiff approached the intersection, defendant, who was traveling west on Tonawanda Creek Road, proceeded to make a left turn in front of plaintiff's vehicle. Plaintiff had time to apply the brake, but was unable to take other action before the collision. In his deposition, defendant admitted that he did not see plaintiff's vehicle until it hit his vehicle. Defendant was charged with failure to yield the right of way. At his deposition, defendant admitted that he had entered a plea of guilty to that charge.

Supreme Court erred in denying plaintiffs' motion for partial summary judgment on the issue of liability. "Although summary judgment is a drastic remedy and there is considerable reluctance to grant it in negligence actions, the motion should be granted when there is no genuine issue to be resolved at trial" (*McGraw v Ranieri,* 202 AD2d 725, 726). Plaintiffs established that the sole proximate cause of the accident was defendant's failure to yield the right of way (*see, Matt v Tricil, Inc.,* 268 AD2d 811). Defendant contends that there are issues of fact concerning plaintiff's comparative fault that preclude partial summary judgment. We disagree. "[A]n operator who has the right of way is entitled to anticipate that other vehicles will obey the traffic laws that require them to yield" (*Namisnak v Martin,* 244 AD2d 258, 260; *see also, Hazelton v Brown,* 248 AD2d 871, 873). Plaintiff "had no duty to watch for and avoid a driver who might fail to stop or to proceed with due caution at a stop sign" (*Perez v Brux Cab Corp.,* 251 AD2d 157, 159). Defendant submitted no evidence to raise an issue of fact concerning plaintiff's comparative fault (*see, Perez v Brux Cab Corp., supra,* at 160; *McGraw v Ranieri, supra,* at 727). (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Summary Judgment.) Present—Denman, P. J., Pine, Wisner, Pigott, Jr., and Callahan, JJ.