■ Kelly L. Whitfield, Respondent, v Jeffrey L. Toense et al., Appellants. [709 NYS2d 746] —Order unanimously affirmed with costs. Memorandum: Plaintiff sustained serious injuries when her vehicle collided head-on with a vehicle driven by defendant Jeffrey L. Toense. At the time of the accident, Toense was operating his vehicle in the scope of his employment with defendant Western New York Door Distributors, Inc. Plaintiff testified at her deposition that, as she rounded a curve on a two-lane road, she saw Toense's vehicle coming towards her and crossing into her lane of travel. In less than one second, Toense's vehicle collided with her vehicle. The driver of the vehicle behind Toense observed Toense's vehicle cross the double yellow line into plaintiff's lane of travel and collide with plaintiff's vehicle. Toense has no memory of the accident, and defendants do not dispute that the collision occurred within plaintiff's lane of travel.

Supreme Court properly granted plaintiff's motion for partial summary judgment on the issue of liability. "Although summary judgment is a drastic remedy and there is considerable reluctance to grant it in negligence actions, the motion should be granted when there is no genuine issue to be resolved at trial" (*McGraw v Ranieri,* 202 AD2d 725, 726). Plaintiff established as a matter of law that the sole proximate cause of the accident was Toense's conduct in crossing the road into her lane of travel, and defendants failed to raise an issue of fact (*see, Hanover Ins. Co. v Washburn,* 219 AD2d 773).

Defendants contend that there is an issue of fact concerning plaintiff's comparative fault that precludes summary judgment. We disagree. Plaintiff was not required to anticipate that Toense's vehicle, traveling in the opposite direction, would cross over into her lane of travel (*see, Cohen v Masten,* 203 AD2d 774, 775, *lv denied* 84 NY2d 809; *Gouchie v Gill,* 198

AD2d 862), and defendants' speculation that plaintiff might have done something to avoid the accident is insufficient to raise an issue of fact concerning plaintiff's comparative fault (*see, Perez v Brux Cab Corp.,* 251 AD2d 157, 159-160; *Tran v Nowak,* 245 AD2d 1083, 1084; *Jordan v Bowen,* 239 AD2d 910, 911). (Appeals from Order of Supreme Court, Erie County, Glownia, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Scudder and Kehoe, JJ.