■ SHIRLEY A. VAN OSTBERG, Individually and as Administratrix of the Estate of WILLIAM VAN OSTBERG, JR., Deceased,

Respondent, v JAMES H. CRANE et al., Appellants. [709 NYS2d 774] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in denying the motion of defendant Robert T. Friedl for summary judgment dismissing the complaint against him. Friedl established that, as he was traveling northbound, the vehicle driven by plaintiff's decedent, who was traveling southbound, crossed into his lane of traffic only a second before the vehicles collided. Friedl thus established a complete defense to plaintiff's action (*see, Gouchie v Gill*, 198 AD2d 862, 863; *see also, Whitfield v Toense*, 273 AD2d 877 [decided herewith]). The speculative affidavit of plaintiff's expert containing alternative explanations concerning the manner in which the accident occurred is insufficient to defeat the motion (*see generally, Romano v Stanley*, 90 NY2d 444, 451-452; *Matter of Aetna Cas. & Sur. Co. v Barile*, 86 AD2d 362, 364-365). We therefore modify the order by granting the motion of Friedl and dismissing the complaint against him.

We further conclude that the court properly denied the motion of defendants James H. Crane and Legia I. Crane for summary judgment dismissing the complaint against them. The evidence, when viewed in the light most favorable to plaintiff, at least arguably raises an issue of fact whether James Crane had sufficient time to take evasive action before striking plaintiff's decedent, who had been ejected from the cab of his pickup truck onto the road (*see, Damerau v Johnson*, 265 AD2d 927; *Stevenson v Recore*, 221 AD2d 834). Indeed, in this wrongful death case, plaintiff is not held to as high a degree of proof as in a case where the injured plaintiff is able to describe the occurrence (*see, Noseworthy v City of New York*, 298 NY 76, 80; *Pierson v Dayton,* 168 AD2d 173, 175). We reject the contention of the Cranes that the alleged failure of plaintiff's decedent to wear an available seatbelt was the sole cause of the accident, requiring dismissal of the complaint against them (*see generally*, Vehicle and Traffic Law § 1229-c [8]; *see also, Stein v Penatello*, 185 AD2d 976). Furthermore, we decline to grant their request for an order pursuant to CPLR 3212 (g) setting forth the facts that are not in dispute or are uncontroverted. We have reviewed the remaining contentions of the Cranes and conclude that they are without merit. (Appeals from Order of Supreme Court, Genesee County, Rath, Jr., J.—Summary Judgment.) Present—Green, J. P., Wisner, Kehoe and Lawton, JJ.