■ SARAH DOXTADER, an Infant, by Her Mother and Natural Guardian, JACQUELINE DOXTADER, Appellant, v KEVIN JANC-ZUK et al., Respondents. [741 NYS2d 368] —Appeal from an order of Supreme Court, Oneida County (Grow, J.), entered May 16, 2001, which, inter alia, granted the motion of defendant Lawrence Shepherd for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff, by her mother and natural guardian, commenced this action seeking damages for personal injuries she sustained in an automobile accident. Plaintiff was a passenger in a vehicle driven by defendant Kevin Janczuk (Janczuk) and owned by defendant Stanley T. Janczuk. Janczuk was driving on Rock Road and defendant Lawrence Shepherd was driving on Blackmans Corner Road. Janczuk failed to stop at the stop sign on Rock Road where it intersects with Blackmans Corner Road and collided with Shepherd's vehicle in the intersection. There is no stop sign on Blackmans Corner Road where it intersects with Rock Road.

Supreme Court properly granted the motion of Shepherd for summary judgment dismissing the complaint and cross claim against him. Shepherd met his initial burden by establishing that he was traveling at a lawful speed and was paying attention to the traffic surrounding him. He further established that he had the right-of-way and, although he saw Janczuk's vehicle when it was approximately 15 to 20 car lengths away from his vehicle, he did not see Janczuk's vehicle again until it was in the intersection and there was no time to react to avoid the collision. Plaintiff failed to raise a triable issue of fact by alleging that Shepherd should have sounded his horn, slowed down, or taken some other evasive action to avoid the collision. "[A driver] who has the right of way is entitled to anticipate that other vehicles will obey the traffic laws that require them to yield" (*Namisnak v Martin,* 244 AD2d 258, 260; *see Barile v Carroll,* 280 AD2d 988, 988; *Kelsey v Degan,* 266 AD2d 843). In addition, a driver has "no duty to watch for and avoid a driver

who might fail to stop or to proceed with due caution at a stop sign" (*Perez v Brux Cab Corp.*, 251 AD2d 157, 159; *see Kelsey,* 266 AD2d 843). Shepherd was entitled to anticipate that Janczuk would stop at the stop sign when he observed Janczuk approximately 15 to 20 car lengths away and had no duty to watch Janczuk to ensure that he did so. Thus, Shepherd established as a matter of law that the sole proximate cause of the accident was Janczuk's failure to yield the right-of-way (*see Kelsey*, 266 AD2d 843). Present—Pigott, Jr., P.J., Hayes, Burns, Gorski and Lawton, JJ.