■ MARK E. HILLMAN et al., Respondents, v DAVID L. EICK, Appellant. (Appeal No. 1.) [779 NYS2d 794]—

Appeal from an order of the Supreme Court, Niagara County

(Ralph A. Boniello, III, J.), entered May 22, 2002. The order granted plaintiffs' motion for partial summary judgment "on the issue of liability."

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries they allegedly sustained as a result of a collision between their vehicle and one owned and driven by defendant. By its order in appeal No. 1, Supreme Court granted plaintiffs' motion for partial summary judgment "on the issue of liability," based on its determination that defendant was negligent in failing to yield the right-of-way to plaintiffs and that such negligence was the sole proximate cause of the accident. The court noted that defendant's cross motion seeking summary judgment dismissing the complaint on the ground that plaintiffs did not sustain serious injuries "has been deferred by agreement to a later date." By its "amended decision and order" in appeal No. 2, the court in effect merely clarified that it had granted plaintiffs' motion for partial summary judgment on negligence rather than on liability, inasmuch as a finding of liability would necessitate a finding that plaintiffs had sustained serious injuries and that issue had not yet been decided. Thus, we dismiss the appeal from the order in appeal No. 2 (*see Matter of Kolasz v Levitt*, 63 AD2d 777, 779 [1978]). By its order in appeal No. 3, the court denied defendant's motion for leave to reargue plaintiffs' motion for partial summary judgment, a part of the order that is not appealable (*see Empire Ins. Co. v Food City*, 167 AD2d 983, 984 [1990]). The court further granted plaintiffs' cross motion insofar as it sought partial summary judgment determining as a matter of law that plaintiff Melinda Hillman sustained a serious injury within the meaning of Insurance Law § 5102 (d). The court denied plaintiffs' cross motion insofar as it sought partial summary judgment on the issues of the alleged comparative negligence of Melinda Hillman and the causal relationship between such alleged comparative negligence and the injuries sustained by her.

We conclude with respect to the order in appeal No. 1 that the court properly granted plaintiffs' motion for partial summary judgment, thus properly determining that defendant was negligent in operating his vehicle, that plaintiff Mark E. Hillman had no comparative fault in operating plaintiffs' vehicle, and that defendant's fault was the sole cause of the accident. "To meet [their] initial burden on the motion, [plaintiffs] had to establish both that [defendant's] vehicle 'suddenly entered the lane where [Mark Hillman was] operating [plaintiffs' vehicle] in

a lawful and prudent manner and that there was nothing [that Mark Hillman] could have done to avoid the collision' " (*Fratangelo v Benson,* 294 AD2d 880, 881 [2002]; *see Cooley v Urban,* 1 AD3d 900, 901 [2003]). Plaintiffs established as a matter of law that defendant "was negligent in failing to see that which, under the circumstances, he should have seen, and in crossing in front of the [plaintiffs'] vehicle when it was hazardous to do so" (*Stiles v County of Dutchess,* 278 AD2d 304, 305 [2000]; *see Galvin v Zacholl,* 302 AD2d 965, 966 [2003], *lv denied* 100 NY2d 512 [2003]; *Russo v Scibetti,* 298 AD2d 514 [2002]). Plaintiffs further demonstrated that Mark Hillman was free from fault in the occurrence of the accident. In particular, they established that Mark Hillman had the right-of-way and consequently was entitled to anticipate that defendant would obey the stop sign and pertinent traffic laws requiring him to yield the right-of-way (*see Doxtader v Janczuk,* 294 AD2d 859, 859-860 [2002], *lv denied* 99 NY2d 505 [2003]; *see also Barile v Carroll,* 280 AD2d 988 [2001]; *Kelsey v Degan,* 266 AD2d 843 [1999]). Under the circumstances, Mark Hillman had no duty to anticipate that defendant would pull out from the stop sign directly in front of plaintiffs' vehicle (*see Doxtader,* 294 AD2d at 859-860). From the foregoing conclusions, it necessarily follows that defendant's negligence was the sole proximate cause of the accident as a matter of law (*see id.* at 860; *Kelsey,* 266 AD2d 843 [1999]).

With respect to the order in appeal No. 3, we conclude that the court properly granted that part of plaintiffs' cross motion seeking partial summary judgment determining that Melinda Hillman had sustained a serious injury, namely, a fracture of her sternum (*see* Insurance Law § 5102 [d]). We reject defendant's contention that the issues of the alleged comparative negligence of Melinda Hillman and its possible contribution to her injuries are for the trier of fact. Therefore, despite the absence of a cross appeal by plaintiffs (*see generally Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110 [1984]), we modify the order in appeal No. 3 by granting that part of plaintiffs' cross motion seeking partial summary judgment determining that Melinda Hillman was not comparatively negligent. In addition, we search the record and further modify the order by granting partial summary judgment to plaintiffs determining that there are no issues of fact with respect to any assumption of risk on the part of Melinda Hillman or a failure by her to mitigate her damages (*see generally id.* at 111). Present—Wisner, J.P., Hurlbutt, Kehoe, Martoche and Lawton, JJ.