◼ SHARI A. RIVERA et al., Respondents, v FRONTIER TELEPHONE OF ROCHESTER, INC., et al., Appellants. [787 NYS2d 794]—

Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered December 12, 2003. The order and judgment granted those parts of plaintiffs' motion for partial summary judgment on liability and dismissal of the first and fourth affirmative defenses.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this personal injury action seeking damages for injuries sustained by Shari A. Rivera (plaintiff) when her motor vehicle collided with a truck owned by defendant Frontier Telephone of Rochester, Inc. (Frontier) and driven by Frontier's employee, Michael C. Gangemi (defendant). Supreme Court properly granted those parts of plaintiffs' motion seeking partial summary judgment on liability and dismissal of the fourth affirmative defense. Plaintiffs established their entitlement to judgment as a matter of law by establishing that, while making a left-hand turn into a driveway, defendant drove into the path of plaintiff's oncoming vehicle. According to defendant, he did not see plaintiff's vehicle until it was approximately 200 feet from the truck, at which time he attempted to take evasive action. Nevertheless, defendant admitted at his deposition that there was no reason for his failure to see the vehicle sooner, inasmuch as he had a clear view of the lane in which plaintiff was traveling for a distance of approximately 400 feet. We agree with the court that plaintiffs established as a matter of law that defendant was negligent in failing to see what was there to be seen and in turning left into the path of plaintiff's vehicle when it was hazardous to do so (*see Galvin v Zacholl*, 302 AD2d 965, 966 [2003], *lv denied* 100 NY2d 512 [2003]), and we conclude that defendant's negligence was a proximate cause of the accident.

We note that defendants have withdrawn their contention that the court erred in granting that part of plaintiffs' motion seeking dismissal of the first affirmative defense, and we

therefore do not address that part of the order and judgment. We have reviewed defendants' remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Pine, Scudder, Gorski and Lawton, JJ.