■ CANH DU et al., Respondents, v LARRY HAMELL et al., Appellants. (Appeal No. 1.) [797 NYS2d 228]—

Appeal from an order of the Supreme Court, Oneida County (Robert F. Julian, J.), entered September 3, 2004 in a personal injury action. The order, among other things, granted plaintiffs partial summary judgment on the issues of negligence and proximate cause.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the cross motion in part and vacating the fourth ordering paragraph and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for personal injuries sustained by Canh Du (plaintiff) when, as he was riding his bicycle, he was allegedly struck by a truck

operated by Larry Hamell (defendant) and owned by defendant Utica Head Start Children & Families, Inc. Defendants moved for, inter alia, summary judgment dismissing the complaint based on the absence of any evidence of defendant's negligence. Plaintiffs cross-moved for partial summary judgment on the issue of negligence. In appeal No. 1, Supreme Court ordered, inter alia, that "[defendant] was negligent in the operation of the vehicle" and that "the negligence of [defendant] was the sole proximate cause of the collision between the vehicle which he was operating and [plaintiff] and/or his bicycle; thereby causing [plaintiff] to fall from his bicycle and to the pavement." In the letter decision and order underlying appeal No. 2, the court explained that its decision in appeal No. 1 "was not intended to decide the issues of injury causation, 'serious injury'[ ] or injury mitigation," and directed plaintiffs' counsel to prepare the order in appeal No. 1 accordingly. Because the order in appeal No. 1 supersedes the order in appeal No. 2, we dismiss the appeal from the order in appeal No. 2 (*see Matter of Eric D.* [appeal No. 1], 162 AD2d 1051 [1990]).

We conclude that the court properly denied that part of defendants' motion seeking summary judgment dismissing the complaint because plaintiffs raised a triable issue of fact whether defendant was negligent. We further conclude that the court properly granted plaintiffs' cross motion in part when it determined that defendant was negligent in the operation of his vehicle. Contrary to the contention of defendant, plaintiffs are not seeking to apply the lesser burden of proof under *Noseworthy v City of New York* (298 NY 76 [1948]). Rather, plaintiffs sought partial summary judgment under the usual standards (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), arguing that they had established that defendant was negligent and that plaintiff was free from any negligence. The evidence establishes that, when he proceeded from the stop sign, defendant failed to yield the right of way to plaintiff (*see Salazar v City of New York*, 302 AD2d 580, 581 [2003]; *Doxtader v Janczuk*, 294 AD2d 859, 859-860 [2002], *lv denied* 99 NY2d 505 [2003]; *Kelsey v Degan*, 266 AD2d 843 [1999]; *Dellavecchia v Zorros*, 231 AD2d 549 [1996]).

Nevertheless, we conclude that the court erred in granting plaintiffs' cross motion insofar as it determined that defendant's negligence was the sole proximate cause of the collision and that defendant's negligence caused plaintiff to fall from his bicycle to the pavement. The evidence submitted by plaintiffs establishes that plaintiff has no recollection of the collision, and thus plaintiffs failed to establish as a matter of law that plaintiff

was free from any negligence and that defendant's negligence was the sole proximate cause of the collision. Thus, we modify the order in appeal No. 1 accordingly. Present—Green, J.P., Scudder, Gorski, Pine and Lawton, JJ.