■ NINA R. WALLACE, Respondent, v ROBERT G. KUHN, Respondent, and RODNEY B. SWAIN, Appellant. [804 NYS2d 187]—

Appeal from an order of the Supreme Court, Erie County (John M. Curran, J.), entered August 25, 2004. The order denied the motion of defendant Rodney B. Swain for summary judgment dismissing the complaint against him.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint against defendant Rodney B. Swain is dismissed.

Memorandum: Plaintiff commenced this action to recover damages for injuries she sustained in a motor vehicle accident. Plaintiff was a passenger in a vehicle driven by defendant Rodney B. Swain, her brother, and the accident occurred in the middle of an intersection when defendant Robert G. Kuhn failed to stop at the red light. It is undisputed that Kuhn had recently consumed four cans of beer and that he was taking prescription medication that he knew interacted adversely with the alcohol. It is further undisputed that Kuhn was driving at speeds estimated at between 35 and 50 miles per hour in an area in which the speed limit was 30 miles per hour and that he had proceeded through at least one, and as many as three, red lights before the collision at issue herein occurred.

Supreme Court erred in denying the motion of Swain for summary judgment dismissing the complaint against him. In support of the motion, Swain established that he entered the intersection with the green light, that he was not speeding, that he had no opportunity to avoid the accident, and that Kuhn drove through the red light without stopping. Swain thus established as a matter of law that the sole proximate cause of the accident was the negligence of Kuhn (*see Persaud v Darbeau*, 13 AD3d 347 [2004]; *Iqbal v Petrov*, 9 AD3d 416 [2004]; *Lestingi v Holland*, 297 AD2d 627, 628 [2002]), and neither plaintiff nor Kuhn raised a triable issue of fact whether Swain "was at fault in the happening of the accident or whether he could have done anything to avoid the collision" (*Lestingi*, 297 AD2d at 629). In the absence of any condition that would have required him to reduce his speed, Swain was entitled to approach the intersection without slowing and was further entitled to anticipate that Kuhn would obey the traffic laws that required him to yield (*see Barile v Carroll*, 280 AD2d 988 [2001]; *see generally Doxtader v Janczuk*, 294 AD2d 859 [2002], *lv denied* 99 NY2d 505 [2003]). Kuhn's contention that Swain could be found negligent because he failed to see Kuhn's vehicle until immediately before the collision "is based on speculation and is insufficient to defeat a motion for summary judgment" (*Barile*, 280 AD2d at 989; *see*

*Zadins v Pommerville*, 300 AD2d 1111, 1112 [2002]). Kuhn's contention that Swain may have been operating his vehicle slightly above the speed limit also is unavailing because, even assuming, arguendo, that Swain was exceeding the speed limit by five miles per hour, we conclude that there is no evidence in the record before us that the speed at which Swain was traveling was a proximate cause of the accident (*see Lucksinger v M.T. Unloading Servs.*, 280 AD2d 741, 742 [2001]; *Matt v Tricil [N.Y.], Inc.*, 260 AD2d 811, 812 [1999]). Present—Green, J.P., Gorski, Smith, Lawton and Hayes, JJ.