■■■ CHRISTOPHER M. GUADAGNO, Respondent, v KEITH E. NORWARD et al., Appellants, et al., Defendants. [842 NYS2d 844]—

Appeal from an order of the Supreme Court, Erie County (Rose H. Sconiers, J.), entered October 12, 2006 in a personal

injury action. The order, insofar as appealed from, granted plaintiff's cross motion for partial summary judgment on liability.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when a vehicle driven by Keith E. Norward (defendant) collided with a vehicle driven by plaintiff. Supreme Court properly granted plaintiff's cross motion for partial summary judgment on liability. Plaintiff met his initial burden by establishing as a matter of law "that the sole proximate cause of the accident was defendant's failure to yield the right of way" to plaintiff (*Kelsey v Degan*, 266 AD2d 843 [1999]; *see Galvin v Zacholl*, 302 AD2d 965, 967 [2003], *lv denied* 100 NY2d 512 [2003]), and defendants failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). According to the deposition testimony of plaintiff, he observed defendant's vehicle traveling toward his vehicle, in the opposite lane, when the two vehicles were approximately 1,000 feet apart. Plaintiff and defendant continued to drive their vehicles in their respective lanes until defendant suddenly drove into the path of plaintiff's oncoming vehicle in an attempt to make a left-hand turn into a driveway. Defendant testified at his deposition that there were no vehicles in his lane in front of him and that he did not see plaintiff's vehicle until he started to make his turn. Plaintiff thus established as a matter of law that defendant "was negligent in failing to see that which, under the circumstances, he should have seen, and in crossing in front of [plaintiff's] vehicle when it was hazardous to do so" (*Stiles v County of Dutchess*, 278 AD2d 304, 305 [2000]; *see Rivera v Frontier Tel. of Rochester, Inc.*, 13 AD3d 1065 [2004]; *Hillman v Eick*, 8 AD3d 989, 991 [2004]), and plaintiff established as a matter of law that he "was free from fault in the occurrence of the accident" (*Hillman*, 8 AD3d at 991). Present—Gorski, J.P., Smith, Centra, Fahey and Green, JJ.