■ DAYMARC J. SMITH, an Infant, by and Through His Parent and Natural Guardian, DANA J. SMITH, Respondent-Appellant, v MARCUS KINSEY, Appellant-Respondent, et al., Defendant. [858 NYS2d 495]—

Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Edward D. Carni, J.), entered December 15, 2006 in a personal injury action. The order, inter alia, denied in part the motion of plaintiff to strike certain affirmative defenses of defendant Marcus Kinsey and for partial summary judgment and the cross motion of defendant Marcus Kinsey for summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting that part of the motion to strike the sixth affirmative defense and striking that affirmative defense and by granting those parts of the cross motion seeking summary judgment dismissing the first amended complaint against defendant Marcus Kinsey, as amplified by the first amended bill of particulars, insofar as it may be deemed to allege the negligent supervision of plaintiff and insofar as it alleges the violation of Vehicle and Traffic Law § 1229-c and dismissing the first amended complaint to that extent against that defendant and as modified the order is affirmed without costs.

Memorandum: The 23-month-old plaintiff sustained injuries when the vehicle operated by his father, Marcus Kinsey (defendant), collided with another vehicle at an intersection. Defendant had secured the child in the front passenger seat with a seatbelt rather than in a child safety seat in the back seat.

Plaintiff, by his mother, commenced this action alleging, inter alia, that defendant was negligent in placing him in the front seat of the vehicle "without the use of the proper safety devices" and in proximity to an activated airbag. Supreme Court granted those parts of plaintiff's motion to strike defendant's first and second affirmative defenses, for contributory negligence and the application of CPLR article 16, and denied those parts of plaintiff's motion for partial summary judgment seeking a determination that defendant was negligent and that his negligence was a proximate cause of the accident. The court also denied those parts of plaintiff's motion to strike defendant's fourth through sixth affirmative defenses alleging, respectively, that the first amended complaint fails to state a cause of action, that the negligence of defendant Frank Thomas was the sole proximate cause of plaintiff's injuries and damages, and that any such injuries and damages were caused in whole or in part by plaintiff's failure to wear a seatbelt. In addition, the court denied that part of the cross motion of defendant seeking summary judgment dismissing the first amended complaint against him.

Addressing first plaintiff's cross appeal, we conclude that the court properly denied those parts of plaintiff's motion with respect to negligence and proximate cause. Although plaintiff met his initial burden, we conclude that defendant raised triable issues of fact with respect to both issues. On the issue of negligence, defendant submitted his deposition testimony in which he stated that, although he was adjusting the controls on the DVD player on the dashboard for plaintiff and was "glancing back and forth between the street and the DVD player," he never "los[t] complete sight" of the road while he was driving. On the issue of proximate cause, defendant submitted the affidavit of an accident reconstruction specialist stating that, although defendant may have been negligent in dividing his attention between the road and the DVD player, there nevertheless is an issue of fact whether defendant's actions were a proximate cause of the accident inasmuch as defendant had the right of way at the intersection and it was impossible for defendant to avoid the collision (see generally Rowen v Harris, 45 AD3d 1420 [2007]; Wallace v Kuhn, 23 AD3d 1042 [2005]). We further conclude that the court properly denied that part of plaintiff's motion with respect to the fourth affirmative defense, alleging the failure to state a cause of action. Plaintiff's sole contention in support of that part of the motion was that "defendant's fourth affirmative defense is without merit and frivolous," and the conclusory contention of plaintiff is insufficient to establish his entitlement to strike that affirmative defense (see generally

*Velasquez v Gomez*, 44 AD3d 649, 650-651 [2007]). We agree with plaintiff, however, that the court erred in denying that part of his motion with respect to the sixth affirmative defense, alleging plaintiff's failure to use the available seatbelt, and we therefore modify the order accordingly. As the driver of the vehicle, defendant had the duty to restrain any child under the age of four in the front seat of his vehicle in accordance with the requirements of Vehicle and Traffic Law § 1229-c (2). In any event, a child under the age of three "is conclusively presumed to be incapable of negligence" (*Verni v Johnson*, 295 NY 436, 437 [1946]). As previously noted, plaintiff was only 23 months old at the time of the accident and thus was incapable of exercising due care to avoid or mitigate injury to himself (*see id.*).

With respect to defendant's appeal, we agree with defendant that the court erred in denying that part of his cross motion seeking summary judgment dismissing the first amended complaint against him, as amplified by the first amended bill of particulars, insofar as it may be deemed to allege the negligent supervision of his child (*see Holodook v Spencer*, 36 NY2d 35, 51 [1974]; *Thurel v Varghese*, 207 AD2d 220, 222-223 [1995]), and we therefore further modify the order accordingly. We further agree with defendant that the court erred in denying that part of his cross motion seeking summary judgment dismissing the first amended complaint against him, as amplified by the first amended bill of particulars, insofar as it alleges the violation of Vehicle and Traffic Law § 1229-c. Subdivision (8) of that statute provides in relevant part that "[n]on-compliance with the provisions of this section shall not be admissible as evidence in any civil action in a court of law in regard to the issue of liability," and we therefore further modify the order accordingly. We conclude, however, that the court properly denied that part of defendant's cross motion with respect to plaintiff's general allegations of negligence. Because defendant owed a duty of safe driving " 'to the world at large,' " plaintiff is entitled to recover damages from defendant for injuries he sustained as a result of the alleged breach of that duty (*Thurel*, 207 AD2d at 222; *see generally Gelbman v Gelbman*, 23 NY2d 434 [1969]; *Grivas v Grivas*, 113 AD2d 264 [1985]; *Hurst v Titus*, 77 AD2d 157, 158-159 [1980]). Finally, we reject the contention of defendant that he was entitled to summary judgment dismissing the first amended complaint in its entirety against him. Although defendant contends that the sole proximate cause of the accident was the negligence of Thomas in failing to yield the right-of-way to defendant, the parties have submitted conflicting expert evidence on that issue, thus precluding summary judgment (*see generally Andre v Pomeroy*, 35 NY2d 361, 364-365 [1974]). Present—Scudder, P.J., Martoche, Centra, Fahey and Peradotto, JJ.