Appeal from an order of the Court of Claims (Norman I. Siegel, J.), entered March 31, 2009 in a personal injury action. The order denied claimants’ motion for partial summary judgment and granted defendant’s cross motion for summary judgment.
It is hereby ordered that the order so appealed from is reversed on the law without costs, the cross motion is denied, the claim is reinstated, and the motion is granted.
Memorandum: Claimants commenced this action seeking damages for injuries they sustained when a state-owned vehicle *784 operated by a parole officer collided with a vehicle driven by claimant Wayne K. Rusho in which claimant Julie L. Rusho was a passenger. The Court of Claims denied claimants’ motion for partial summaiy judgment on liability and granted defendant’s cross motion for summary judgment dismissing the claim (Rusho v State of New York, 24 Misc 3d 752 [2009]). That was error. In granting the cross motion, the court determined as a matter of law that defendant was protected from liability by the qualified privilege afforded by Vehicle and Traffic Law § 1104. According to the court, the parole officer was driving an authorized emergency vehicle and was engaged in an emergency operation with a fellow parole officer at the time of the collision. The record establishes, however, that the parole officers were not engaged in an emergency operation at the time of the collision. Rather, the parole officer who was driving the vehicle was attempting to turn the vehicle around to determine whether a person he observed operating a vehicle in the opposite lane of traffic was a parole absconder. In addition, the parole officers admitted that, if they determined upon further investigation that the person observed was in fact the absconder, they would not have attempted to arrest him but instead would have called the police to assist in his apprehension. It thus follows that, at the time of the accident, the parole officers were still engaged in an investigatory role and were not in pursuit of an actual or suspected absconder. With respect to claimants’ motion, we conclude that claimants established their entitlement to partial summary judgment on liability by submitting evidence that the parole officer who was driving the state-owned vehicle was negligent when he turned the vehicle into the opposing lane of traffic, and that such negligence was the sole proximate cause of the accident. In response, defendant failed to raise a triable issue of fact to defeat the motion (see Pomietlasz v Smith, 31 AD3d 1173 [2006]; Kelsey v Degan, 266 AD2d 843 [1999]).
All concur except Garni, J., who dissents and votes to affirm in the following memorandum.