■ Autumn D. Rogers et al., Respondents, v Janna K. Edelman, Appellant. [913 NYS2d 854]—

Appeal from an order of the Supreme Court, Wayne County (Dennis M. Kehoe, A.J.), entered December 30, 2009 in a personal injury action. The order, among other things, granted plaintiffs' motion for summary judgment on the issue of negligence.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained when the vehicle driven by Eugene Rogers (plaintiff), in which plaintiff Autumn D. Rogers was a passenger, collided with a vehicle driven by defendant. We conclude that Supreme Court properly granted the motion of plaintiff for summary judgment dismissing the counterclaim against him, as well as the "cross motion" of both plaintiffs for partial summary judgment on the issue of negligence. It is undisputed that the collision occurred when defendant, who was turning into a driveway, turned left in front of plaintiffs' oncoming vehicle. Plaintiffs testified at their respective depositions that their vehicle was traveling at or below the speed limit, that they saw defendant's vehicle for some distance before it turned, and that, when defendant's vehicle turned left, there was no opportunity to avoid the accident. Defendant, on the other hand, testified at her deposition that she never saw plaintiffs' vehicle prior to the collision.

It is well settled that "[a driver] who has the right of way is entitled to anticipate that other vehicles will obey the traffic laws that require them to yield" (*Namisnak v Martin*, 244 AD2d 258, 260 [1997]; *see Wallace v Kuhn*, 23 AD3d 1042, 1043 [2005]; *Doxtader v Janczuk*, 294 AD2d 859 [2002], *lv denied* 99 NY2d 505 [2003]). "Plaintiff[s] met [their] initial burden by establishing as a matter of law 'that the sole proximate cause of the accident was defendant's failure to yield the right of way' to plaintiff[s]" (*Guadagno v Norward*, 43 AD3d 1432, 1433 [2007]; *see Kelsey v Degan*, 266 AD2d 843 [1999]; *Galvin v Zacholl*, 302 AD2d 965, 967 [2003], *lv denied* 100 NY2d 512 [2003]), and defendant failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Contrary to defendant's contention, plaintiff established as a matter of law that he "was free from fault in the occurrence of the accident" (*Hillman v Eick*, 8 AD3d 989, 991 [2004]). Present— Martoche, J.P., Centra, Fahey, Lindley and Sconiers, JJ. **[Prior Case History: 2009 NY Slip Op 32912(U).]**