◼ BONICA LESCENSKI, Individually and as Fiduciary of the Estate of ROBERT A. SMITH, Deceased, Appellant, v MICHAEL J. WILLIAMS, Respondent. [935 NYS2d 828]—

Memorandum: Plaintiff commenced this action, individually and as fiduciary of the estate of Robert A. Smith (decedent), seeking damages for the wrongful death of decedent as the result of an accident in a four-way intersection controlled by a traffic light. That accident occurred when the vehicle driven by decedent's wife and in which decedent was a passenger collided with the vehicle driven by defendant. We reject plaintiff's contention that Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint. It is well settled that a driver "who has the right[-]of[-]way is entitled to anticipate that [the drivers of] other vehicles will obey the traffic laws that require them to yield" (*Namisnak v Martin*, 244 AD2d 258, 260 [1997]; *see Rogers v Edelman*, 79 AD3d 1803 [2010]; *Wallace v Kuhn*, 23 AD3d 1042, 1043 [2005]).

Defendant "met his initial burden by establishing as a matter of law 'that the sole proximate cause of the accident was [the] failure [of decedent's wife] to yield the right[-]of[-]way' to [defendant]" (*Guadagno v Norward*, 43 AD3d 1432, 1433 [2007]; *see Galvin v Zacholl*, 302 AD2d 965, 967 [2003], *lv denied* 100 NY2d 512 [2003]; *Kelsey v Degan*, 266 AD2d 843 [1999]). In support of the motion, defendant established that, as decedent's wife approached the intersection, defendant was traveling at a lawful rate of speed, had the right-of-way with respect to her vehicle and did not have an opportunity to avoid the accident.

In opposition to the motion, plaintiff failed to raise a triable issue of fact whether defendant was negligent based on his speed or failure to keep a proper lookout (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Contrary to plaintiff's contention, "[t]he speculative affidavit of [her] expert containing alternative explanations concerning the manner in which the accident occurred is insufficient to defeat the motion" (*Van Ostberg v Crane*, 273 AD2d 895, 896 [2000]; *see Wasson v Szafarski*, 6 AD3d 1182 [2004]). Present—Smith, J.P., Fahey, Peradotto, Carni and Sconiers, JJ.