# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1456**
**CA 11-00948**
PRESENT: SMITH, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

BONICA LESCENSKI, INDIVIDUALLY, AND BONICA
LESCENSKI, AS FIDUCIARY OF THE ESTATE OF
ROBERT A. SMITH, DECEASED, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

MICHAEL J. WILLIAMS, DEFENDANT-RESPONDENT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

MACKENZIE HUGHES LLP, SYRACUSE (MARK R. SCHLEGEL OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------------------------

    Appeal from an order of the Supreme Court, Oswego County (James
W. McCarthy, J.), entered July 13, 2010 in a wrongful death action.
The order granted the motion of defendant for summary judgment
dismissing the complaint.

    It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

    Memorandum:  Plaintiff commenced this action, individually and as
fiduciary of the estate of Robert A. Smith (decedent), seeking damages
for the wrongful death of decedent as the result of an accident in a
four-way intersection controlled by a traffic light.  That accident
occurred when the vehicle driven by decedent's wife and in which
decedent was a passenger collided with the vehicle driven by
defendant.  We reject plaintiff's contention that Supreme Court erred
in granting defendant's motion for summary judgment dismissing the
complaint.  It is well settled that a driver "who has the right[-]of[-
]way is entitled to anticipate that [the drivers of] other vehicles
will obey the traffic laws that require them to yield" (*Namisnak v
Martin*, 244 AD2d 258, 260; *see Rogers v Edelman*, 79 AD3d 1803; *Wallace
v Kuhn*, 23 AD3d 1042, 1043).  Defendant "met his initial burden by
establishing as a matter of law 'that the sole proximate cause of the
accident was [the] failure [of decedent's wife] to yield the right[-
]of[-]way' to [defendant]" (*Guadagno v Norward*, 43 AD3d 1432, 1433;
*see Galvin v Zacholl*, 302 AD2d 965, 967, *lv denied* 100 NY2d 512;
*Kelsey v Degan*, 266 AD2d 843).  In support of the motion, defendant
established that, as decedent's wife approached the intersection,
defendant was traveling at a lawful rate of speed, had the
right-of-way with respect to her vehicle and did not have an
opportunity to avoid the accident.

In opposition to the motion, plaintiff failed to raise a triable issue of fact whether defendant was negligent based on his speed or failure to keep a proper lookout (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Contrary to plaintiff's contention, "[t]he speculative affidavit of [her] expert containing alternative explanations concerning the manner in which the accident occurred is insufficient to defeat the motion" (*Van Ostberg v Crane*, 273 AD2d 895, 896; *see Wasson v Szafarski*, 6 AD3d 1182).

Entered:  December 30, 2011                    Frances E. Cafarell
                                               Clerk of the Court