# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**294/12**
**CA 11-02068**
PRESENT: CENTRA, J.P., CARNI, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

MICHEL D. TYSON, PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

LAWRENCE NAZARIAN, DEFENDANT-RESPONDENT.

---

PARISI & BELLAVIA, ROCHESTER (TIMOTHY C. BELLAVIA OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

BURGIO, KITA & CURVIN, BUFFALO (HILARY C. BANKER OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

-----------------------------------------------------------------------

Appeal from an order and judgment (one paper) of the Supreme
Court, Monroe County (Thomas A. Stander, J.), entered August 15, 2011
in a personal injury action. The order and judgment granted the
motion of defendant for summary judgment, dismissed the complaint and
denied the motion and cross motion of plaintiff for summary judgment.
The order and judgment was affirmed by order of this Court entered
June 8, 2012 (96 AD3d 1349), and the Court of Appeals on December 18,
2012 modified the order by denying the motion of defendant for summary
judgment and remitted the case to this Court for further proceedings
in accordance with the memorandum (___ NY3d ___ [Dec. 18, 2012]).

Now, upon remittitur from the Court of Appeals,

It is hereby ORDERED that, upon remittitur from the Court of
Appeals, the order and judgment so appealed from is unanimously
modified on the law by granting that part of plaintiff's "motion and
cross motion" for partial summary judgment on the issue of defendant's
negligence and as modified the order and judgment is affirmed without
costs.

Memorandum: On remittitur from the Court of Appeals, we are
called upon to address plaintiff's contention that she is entitled to
partial summary judgment on the issue of defendant's negligence. On
this record, it is undisputed that defendant made a left-hand turn in
his vehicle, in front of plaintiff's vehicle. The driver in the lane
closest to defendant had stopped to give defendant the opportunity to
turn, but defendant could not or did not see plaintiff's vehicle in
the outer lane. When defendant executed the turn, he collided with
plaintiff's vehicle, which was traveling straight through the
intersection with the right-of-way. Plaintiff likewise did not see
defendant's vehicle until it was too late to stop without a collision.
Thus, the evidence establishes as a matter of law that defendant was

negligent and that his negligence was the sole proximate cause of the accident (*see Rogers v Edelman*, 79 AD3d 1803, 1804; *Guadagno v Norward*, 43 AD3d 1432, 1433).  We therefore modify the order and judgment by granting that part of plaintiff's "motion and cross motion" for partial summary judgment on the issue of defendant's negligence.