# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

160
CA 12-01320
PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

CARRIE LISKIEWICZ, PLAINTIFF-RESPONDENT,

V                                              MEMORANDUM AND ORDER

MARY E. HAMEISTER AND JAMES A. COREY,
DEFENDANTS-APPELLANTS.

---

THOMAS P. DURKIN, ROCHESTER, FOR DEFENDANTS-APPELLANTS.

ADAMS, HANSON, REGO, CARLIN, HUGHES, KAPLAN & FISHBEIN, WILLIAMSVILLE
(BETHANY A. RUBIN OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

-----------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Frederick
J. Marshall, J.), entered December 21, 2011. The order granted the
motion of plaintiff for summary judgment dismissing the counterclaim
of defendants.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
personal injuries she sustained when her vehicle struck a vehicle
owned by defendant James A. Corey and operated by defendant Mary E.
Hameister. Plaintiff's vehicle, which was traveling at the speed
limit, hit the passenger's side of the vehicle driven by Hameister
when Hameister, after stopping at a stop sign, drove the vehicle
through the intersection and directly into the path of plaintiff's
vehicle. Plaintiff was not subject to any traffic control devices at
the intersection.

We reject defendants' contention that Supreme Court erred in
granting plaintiff's motion for summary judgment dismissing
defendants' counterclaim for contribution. "It is well settled that a
driver who has the right[-]of[-]way is entitled to anticipate that
[the drivers of] other vehicles will obey the traffic laws that
require them to yield" (*Lescenski v Williams*, 90 AD3d 1705, 1705, *lv
denied* 18 NY3d 811 [internal quotation marks omitted]). Here,
plaintiff met her initial burden on the motion by establishing as a
matter of law that the sole proximate cause of the accident was
Hameister's failure to yield the right-of-way to plaintiff (*see id.* at
1706; *Wallace v Kuhn*, 23 AD3d 1042, 1043; *see also Limardi v McLeod*,
100 AD3d 1375, 1375). In support of the motion, plaintiff submitted
evidence demonstrating that, as Hameister approached the intersection,
plaintiff "was traveling at a lawful rate of speed, had the

right-of-way with respect to her vehicle and did not have an opportunity to avoid the accident" (*Lescenski*, 90 AD3d at 1706). In response, defendants failed to "raise[] a triable issue of fact whether [plaintiff] was at fault in the happening of the accident or whether [s]he could have done anything to avoid the collision" (*Wallace*, 23 AD3d at 1043 [internal quotation marks omitted]). "[Defendants'] contention that [plaintiff] could be found negligent because [s]he failed to see [Hameister's] vehicle until immediately before the collision is based on speculation and is insufficient to defeat a motion for summary judgment" (*id.* [internal quotation marks omitted]; *see Lescenski*, 90 AD3d at 1706).

Entered:  March 15, 2013                    Frances E. Cafarell
                                            Clerk of the Court