# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**698**

**CA 12-02298**

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

RACHELLE MALBORY, PLAINTIFF,

                    V                          MEMORANDUM AND ORDER

DAVID CHEVROLET BUICK PONTIAC, INC.,
CHRISTEN SMITH, DEFENDANTS-APPELLANTS,
AND MATTIE MALBORY, DEFENDANT-RESPONDENT.

---

GOLDBERG SEGALLA LLP, BUFFALO (ARLOW M. LINTON OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (ROBERT J. MULLINS, II, OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered February 29, 2012. The order granted the motion of defendant Mattie Malbory for, inter alia, summary judgment dismissing the complaint and cross claims against her.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained while she was a passenger in a vehicle driven by her mother, Mattie Malbory (defendant). That vehicle was involved in a collision with a vehicle driven by defendant Christen Smith and owned by defendant David Chevrolet Buick Pontiac, Inc. (collectively, Smith defendants), who now appeal from an order granting defendant's motion for, inter alia, summary judgment dismissing the complaint and cross claims against her. We affirm. It is well settled that a driver who has the right-of-way is entitled to anticipate that drivers of other vehicles will obey the traffic laws requiring them to yield (*see Liskiewicz v Hameister*, 104 AD3d 1194, 1194-1195). Here, it is undisputed that the vehicle driven by defendant was traveling at a lawful rate of speed and had the right-of-way, and the Smith defendants failed to raise an issue of fact whether defendant had an opportunity to avoid the accident (*see id.* at 1195).

Entered: July 5, 2013                              Frances E. Cafarell
                                                    Clerk of the Court