# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

703
CA 14-02109
PRESENT: SCUDDER, P.J., CARNI, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

RICHARD E. ROLLS, CLAIMANT-APPELLANT,

V                                    MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-RESPONDENT.
(CLAIM NO. 119923.)

---

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR CLAIMANT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATE H. NEPVEU OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Court of Claims (Richard E. Sise, A.J.), entered July 22, 2014. The order denied the motion of claimant for partial summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, and the motion is granted.

Memorandum: Claimant commenced this action seeking damages for injuries he sustained when a state-owned vehicle driven by defendant's employee pulled out in front of him at an intersection where claimant had the right-of-way. Claimant, who was riding a motorcycle, braked and swerved to avoid colliding with the vehicle, and the motorcycle tipped over. Claimant was not subject to any traffic control devices at the intersection, but defendant's employee was subject to a stop sign.

The Court of Claims erred in denying claimant's motion for partial summary judgment on the issue of negligence. "It is well settled that a driver 'who has the right[-]of[-]way is entitled to anticipate that [the drivers of] other vehicles will obey the traffic laws that require them to yield' " (*Lescenski v Williams*, 90 AD3d 1705, 1705, *lv denied* 18 NY3d 811). Here, claimant met his initial burden on the motion by establishing as a matter of law that the sole proximate cause of the accident was the failure of defendant's employee to yield the right-of-way to him at the intersection (*see* Vehicle and Traffic Law §§ 1142 [a]; 1172 [a]). In support of the motion, claimant submitted evidence demonstrating that he was traveling at a speed of approximately 50 miles per hour in a 55 mile per hour zone. As he approached the intersection, claimant began to brake when he saw defendant's employee roll forward at the stop sign.

Claimant released the brakes when defendant's employee stopped at the stop sign but, when claimant was within 25 feet of the intersection, defendant's employee suddenly pulled out in front of him, causing claimant to brake, swerve, and tip over (*see Guadagno v Norward*, 43 AD3d 1432, 1433; *Wallace v Kuhn*, 23 AD3d 1042, 1043).

In response, defendant failed to "raise[] a triable issue of fact whether [claimant] 'was at fault in the happening of the accident or whether he could have done anything to avoid the collision' " (*Wallace*, 23 AD3d at 1043). Defendant's contention that claimant failed to take action to avoid the accident is " 'based on speculation and is insufficient to defeat a motion for summary judgment' " (*Liskiewicz v Hameister*, 104 AD3d 1194, 1195).

Entered: June 19, 2015                                          Frances E. Cafarell
                                                                Clerk of the Court