Ball v Caesar (2018 NY Slip Op 04894)





Ball v Caesar


2018 NY Slip Op 04894


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


769 CA 17-02233

[*1]ASIA BALL, AS PARENT AND NATURAL GUARDIAN OF INFANT A.K, PLAINTIFF-RESPONDENT,
v
ORLANDO CAESAR, DEFENDANT, KELLI SMITH AND KELLI'S LITTLE ONE-Z CHILDCARE, INC., DEFENDANTS-APPELLANTS. 






LAW OFFICE OF DANIEL R. ARCHILLA, BUFFALO (JOAN M. RICHTER OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
THE WRIGHT LAW FIRM, LLC, ROCHESTER (RON F. WRIGHT OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered August 3, 2017. The order denied the motion of defendants Kelli Smith and Kelli's Little One-Z Childcare, Inc. seeking summary judgment dismissing the complaint against them, and granted plaintiff's cross motion for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the cross motion is denied, the motion is granted and the complaint is dismissed against defendants Kelli Smith and Kelli's Little One-Z Childcare, Inc.
Memorandum: Plaintiff commenced this action seeking damages for injuries sustained by her infant son in a motor vehicle accident. At the time of the accident, the child was in the care and custody of Kelli Smith and Kelli's Little One-Z Childcare, Inc. (collectively, defendants), and was a passenger in a vehicle owned and operated by Smith. It is undisputed that the accident occurred when Smith's vehicle, which had the right-of-way, entered an intersection and the vehicle of defendant Orlando Caesar struck the side of her vehicle after failing to stop at a stop sign.
Supreme Court erred in denying defendants' motion seeking summary judgment dismissing the complaint against them and granting plaintiff's cross motion for summary judgment on the issue of defendants' negligence. Defendants met their initial burden of demonstrating that Smith was not negligent in the operation of her vehicle by submitting evidence establishing that the sole proximate cause of the accident was Caesar's failure to yield the right-of-way at the intersection (see Vehicle and Traffic Law §§ 1142 [a]; 1172 [a]; Rolls v State of New York, 129 AD3d 1638, 1638 [4th Dept 2015]). Defendants also submitted evidence that Smith was traveling at or below the speed limit, she was not distracted, and her vehicle had entered the intersection when Caesar's vehicle ran the stop sign and struck her vehicle (see Jenkins v Alexander, 9 AD3d 286, 287 [1st Dept 2004]). Plaintiff failed to raise a triable issue of fact whether Smith " was at fault in the happening of the accident or whether [s]he could have done anything to avoid the collision' " (Wallace v Kuhn, 23 AD3d 1042, 1043 [4th Dept 2005]).
The court erred in concluding that defendants breached a duty that they assumed through a consent form, which was signed by plaintiff, that permitted defendants to transport the child "while transporting other children to and from school." Even assuming, arguendo, that defendants breached such a duty by exceeding the scope of plaintiff's consent when Smith transported the child, as noted above, defendants established as a matter of law that Caesar was the sole proximate cause of the accident (see Gallaway v Town of N. Collins, 129 AD3d 1669, 1670 [4th Dept 2015]; Swauger v White, 1 AD3d 918, 919-920 [4th Dept 2003]), and thus they were entitled to summary judgment. Further, we agree with defendants that the court erred in [*2]considering plaintiff's contention that defendants were negligent in transporting the child in an improperly installed car seat (see Smith v Kinsey, 50 AD3d 1456, 1458 [4th Dept 2008]; Baker v Keller, 241 AD2d 947, 947 [4th Dept 1997]).
In view of our decision, we do not address defendants' contention that the court erred in denying their alternative request to bifurcate the trial on the issues of liability and damages.
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court