■ MELISSA J. DAWLEY, Individually and as Administratrix of the Estate of SCOTT A. DAWLEY, Deceased, Respondent, v ROBERT McCUMBER, Respondent, and ROGER M. DECKER, JR., et al., Appellants. (Action No. 1.) (And Another Action.) [850 NYS2d 807]—

Appeal from an order of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered February 5, 2007. The order, insofar as appealed from, denied the motion of defendants Roger M. Decker, Jr. and T.J. Madden Construction Company, Inc. for summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action, individually and as administratrix of the estate of her husband (decedent), seeking damages arising from a motor vehicle collision in which he was killed. The vehicle driven by decedent collided with a truck driven by defendant Roger M. Decker, Jr. and owned by defendant T.J. Madden Construction Company, Inc. (Madden),

after the truck collided with a vehicle driven by defendant Robert McCumber. Supreme Court properly denied the motion of Decker and Madden (hereafter, defendants) for summary judgment dismissing the complaint against them. Defendants met their initial burden by submitting the deposition testimony of Decker in which he testified that, when he first saw McCumber's vehicle coming around a curve in the road, the vehicle was approximately "three quarters" in his lane of travel and that it was only "a matter of seconds" before McCumber's vehicle collided with his truck. We conclude that defendants thereby established that Decker was faced with an emergency situation not of his own making that was "sudden and unforeseen . . . [A] driver in his proper lane of travel is not required to anticipate that a [vehicle] going in the opposite direction will cross over into that lane . . .[, and n]egligence will not be found when a driver . . . reacts as a reasonable person would in like circumstances" (*Lamey v County of Cortland*, 285 AD2d 885, 886 [2001] [internal quotation marks omitted]). The issue of reasonableness generally is one of fact, but "[s]ummary resolution is possible . . . when the driver presents sufficient evidence to establish the reasonableness of his or her actions and there is no opposing evidentiary showing sufficient to raise a legitimate question of fact on the issue" (*Smith v Brennan*, 245 AD2d 596, 597 [1997]).

Here, plaintiff raised a "legitimate question of fact on the issue" of the reasonableness of Decker's conduct in opposition to defendants' motion (*id.*). She submitted the deposition testimony of a witness stating that McCumber's vehicle went approximately one foot over the center line and maintained that position for a period of 10 to 20 seconds before colliding with the truck driven by Decker. Plaintiff also submitted the deposition testimony of McCumber's wife, a passenger in the McCumber vehicle, in which she testified that the truck driven by Decker was in their lane of travel. We conclude that plaintiff thereby raised an issue of fact whether Decker reacted reasonably when faced with an emergency situation, thus defeating defendants' motion (*see McGraw v Glowacki*, 303 AD2d 968, 969 [2003]). Present—Hurlbutt, J.P., Smith, Fahey, Peradotto and Pine, JJ.