# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**694**

**CA 13-02008**

PRESENT: CENTRA, J.P., LINDLEY, SCONIERS, VALENTINO, AND DEJOSEPH, JJ.

---

SHARI GEORGE, AS MOTHER AND GUARDIAN OF JOSIAH
GEORGE, A MINOR, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

GLENN P. CERAT, DEFENDANT-RESPONDENT.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

LAW OFFICES OF DANIEL R. ARCHILLA, BUFFALO (DANIEL J. GUARASCI OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

--------------------------------------------------------------------------------

Appeal from an order and judgment (one paper) of the Supreme Court, Chautauqua County (James H. Dillon, J.), entered February 1, 2013. The order and judgment, among other things, granted the motion of defendant for summary judgment and dismissed the complaint.

It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff, as parent and natural guardian of her son, commenced this action seeking damages for injuries he sustained as a bicyclist when he collided with a vehicle owned and operated by defendant. Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint. In support of his motion, defendant established that he was traveling at a lawful rate of speed, had the right-of-way with respect to his vehicle and did not have an opportunity to avoid the accident (*see Lescenski v Williams*, 90 AD3d 1705, 1705-1706, *lv denied* 18 NY3d 811). Defendant established through the deposition testimony of several witnesses and the affidavit of an accident reconstruction specialist that the conduct of plaintiff's son was the sole proximate cause of the accident (*see id.*). In opposition, plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). "While a driver is required to 'see that which through proper use of [his] . . . senses [he] . . . should have seen' . . . , a driver who has the right-of-way is entitled to anticipate that [a bicyclist] will obey the traffic law requiring him . . . to yield . . . '[A] driver with the right-of-way who has only seconds to react to a [bicycle] which has failed to yield is not . . . negligent for failing to avoid

the collision' " (*Vainer v DiSalvo*, 79 AD3d 1023, 1024).

Entered:  June 20, 2014                          Frances E. Cafarell
                                                 Clerk of the Court