# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**775**
**CA 13-02128**
PRESENT: SMITH, J.P., FAHEY, PERADOTTO, SCONIERS, AND VALENTINO, JJ.

---

RONALD P. COLANGELO, SR. AND KEVLYNN M.
COLANGELO, PLAINTIFFS-RESPONDENTS,

V                                          MEMORANDUM AND ORDER

FREDERICK L. MARRIOTT, KRISTI L. SMITH,
FORMERLY KNOWN AS KRISTI L. MARRIOTT, DONALD A.
SHEPPARD, SR., DORCAS M. GRAHAM, GRAHAM'S
REFUSE SERVICE, LLC, DEFENDANTS-APPELLANTS,
ET AL., DEFENDANT.

---

BURKE, SCOLAMIERO, MORTATI & HURD, LLP, ALBANY (MARK G. MITCHELL OF
COUNSEL), FOR DEFENDANTS-APPELLANTS FREDERICK L. MARRIOTT AND KRISTI L.
SMITH, FORMERLY KNOWN AS KRISTI L. MARRIOTT.

SMITH SOVIK KENDRICK & SUGNET, P.C., SYRACUSE (JOHN D. GOLDMAN OF COUNSEL),
FOR DEFENDANTS-APPELLANTS DONALD A. SHEPPARD, SR., DORCAS M. GRAHAM AND
GRAHAM'S REFUSE SERVICE, LLC.

BRINDISI, MURAD, BRINDISI & PEARLMAN, LLP, UTICA (ANTHONY J. BRINDISI
OF COUNSEL), FOR PLAINTIFF-RESPONDENT KEVLYNN M. COLANGELO.

---

Appeals from an order of the Supreme Court, Oneida County (Patrick
F. MacRae, J.), entered February 20, 2013. The order, among other things,
denied the motion of defendants Frederick L. Marriott and Kristi L. Smith,
formerly known as Kristi L. Marriott, for summary judgment and denied
the cross motion of defendants Donald A. Sheppard, Sr., Dorcas M. Graham,
and Graham's Refuse Service, LLC for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously
modified on the law by granting the cross motion of defendants Donald
A. Sheppard, Sr., Dorcas M. Graham, and Graham's Refuse Service, LLC, and
dismissing the amended complaint against them and as modified the order
is affirmed without costs.

Memorandum: This personal injury action arises out of a motor
vehicle accident involving three vehicles that occurred on Erie Boulevard
West, a four-lane road with a middle turning lane, in the town of Rome.
Defendant Frederick L. Marriott (Marriott) was driving a pickup truck
owned by defendant Kristi L. Smith, formerly known as Kristi L. Marriott
(collectively, Marriott defendants) in the left eastbound lane. The
vehicle traveling directly in front of Marriott in the eastbound left
lane was a garbage truck owned by defendants Dorcas M. Graham and Graham's
Refuse Service, LLC, and driven by defendant Donald A. Sheppard, Sr.

(collectively, Sheppard defendants). A minivan operated by plaintiff Kevlynn M. Colangelo, in which plaintiff Ronald P. Colangelo, Sr. was a passenger, was in the right eastbound lane. Just prior to the accident, a traffic light directly ahead of these vehicles had turned red, and plaintiffs' minivan had come to a stop in the right lane. The first collision occurred after the brakes on the pickup truck failed. Upon realizing that he had no working brakes, Marriott attempted to avoid rear-ending the garbage truck ahead of him by turning to the right in order to get off the road, whereupon the pickup truck rear-ended plaintiffs' minivan before leaving the road and entering a parking lot. The force of this collision spun plaintiffs' minivan around so that it partially entered the left eastbound lane. Upon entering the left lane, plaintiffs' minivan either struck or was struck by the garbage truck in the left lane, which either was stopping or had stopped for the red light. As relevant on appeal, the Sheppard defendants cross-moved and the Marriott defendants moved for summary judgment dismissing the amended complaint against them. Supreme Court denied the cross motion and motion, and these appeals ensued.

We agree with the Sheppard defendants that the court erred in denying their cross motion, and we therefore modify the order accordingly. Sheppard was approaching the red light and was either stopped or was braking in order to come to a stop when plaintiffs' minivan, which had been hit by Marriott's pickup truck, unexpectedly entered the left lane and the second collision occurred. We note that, while the Sheppard defendants assert, inter alia, that they are entitled to summary judgment based on the emergency doctrine (*see Lifson v City of Syracuse*, 17 NY3d 492, 497), the emergency doctrine is not essential to our analysis. When a vehicle turns in front of a vehicle with the right-of-way, the driver with the right-of-way is deemed free of negligence absent proof of speeding or some other act of negligence (*see e.g. Tyson v Nazarian*, 103 AD3d 1254, 1254; *Rogers v Edelman*, 79 AD3d 1803, 1804; *Guadagno v Norward*, 43 AD3d 1432, 1433). Here, viewing the evidence in the light most favorable to the nonmoving party (*see Nichols v Xerox Corp.*, 72 AD3d 1501, 1502), we conclude that the garbage truck hit plaintiffs' minivan when it entered the left lane where Sheppard had been driving and was bringing the garbage truck to a stop. There is no evidence that Sheppard's operation of the garbage truck was negligent, and plaintiffs' contention that Sheppard could have avoided the collision by moving into the center turning lane is based on speculation (*see Wallace v Kuhn*, 23 AD3d 1042, 1043).

We further conclude, however, that the court properly denied the motion of the Marriott defendants. Those defendants contend that they are entitled to summary judgment based on the emergency doctrine because, inter alia, the brakes on their pickup truck failed without warning, thereby creating an emergency situation. We reject that contention. "The common-law emergency doctrine 'recognizes that when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context, provided the actor has not created the emergency' " (*Lifson*, 17 NY3d at 497, quoting *Caristo v Sanzone*, 96 NY2d 172, 174). It is also clear,

however, "that the emergency doctrine does not automatically absolve a person from liability for his or her conduct" (*Sossin v Lewis*, 9 AD3d 849, 851, *amended on rearg* 11 AD3d 1045).  "The existence of an emergency and the reasonableness of a driver's response thereto generally constitute issues of fact" (*Dalton v Lucas*, 96 AD3d 1648, 1649; *see Andrews v County of Cayuga*, 96 AD3d 1477, 1479).  We conclude that there are issues of fact whether the Marriotts' maintenance of their pickup truck was adequate and thus whether the brake failure was truly unexpected and without any fault on their part.  Moreover, it cannot be concluded as a matter of law that swerving to the right in order to avoid rear-ending the garbage truck was a reasonable reaction to the emergency created by the loss of brakes on the pickup truck.

Entered:  August 8, 2014                          Frances E. Cafarell
                                                  Clerk of the Court