SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**1014**
**CA 14-00184**
PRESENT: CENTRA, J.P., FAHEY, WHALEN, AND DEJOSEPH, JJ.

---

TREVOR JOHNSON, PLAINTIFF-APPELLANT,

      V         MEMORANDUM AND ORDER

ALEXA L. MURPHY AND CORRINE E. MURPHY,
DEFENDANTS-RESPONDENTS.

---

LAW OFFICE OF WILLIAM K. MATTAR, P.C., WILLIAMSVILLE (SARA T. WALLITT
OF COUNSEL), FOR PLAINTIFF-APPELLANT.

COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (DANIEL P. FLETCHER OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

  Appeal from an order of the Supreme Court, Monroe County (Thomas
A. Stander, J.), entered April 15, 2013.  The order granted the motion
of defendants for summary judgment dismissing the complaint and denied
the cross motion of plaintiff to compel certain disclosure.

  It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

  Memorandum:  Plaintiff commenced this action seeking damages for
injuries he sustained when his bicycle collided with a motor vehicle
driven by Corrine E. Murphy (defendant).  Supreme Court properly
granted defendants' motion for summary judgment seeking dismissal of
the complaint.  Defendants established that plaintiff rode his bicycle
from his driveway into the road without stopping, despite the fact
that his view of oncoming traffic to his left was obstructed by a
commercial truck parked next to his driveway.  Defendants further
established that defendant, who had the right-of-way, was traveling
below the speed limit and did not see plaintiff until plaintiff
collided with the passenger side of her vehicle, thus giving her no
time to react.  Defendants therefore established that plaintiff was
the sole proximate cause of the accident, and plaintiff failed to
raise a triable issue of fact (*see George v Cerat*, 118 AD3d 1475,
1476; *Rosa v Scheiber*, 89 AD3d 827, 828; *see generally Zuckerman v
City of New York*, 49 NY2d 557, 562).

  The court also properly denied plaintiff's cross motion seeking
to compel defendants to provide discovery responses and for defendant
"to appear at second party depositions."  As a preliminary matter, we
note that although the cross motion was untimely, the court properly
considered it to the extent that plaintiff argued that discovery was
needed to oppose the motion (*see* CPLR 3212 [f]; *see generally Guallpa*

*v Leon D. DeMatteis Constr. Corp.*, 117 AD3d 614, 616-617; *Paredes v 1668 Realty Assoc., LLC*, 110 AD3d 700, 702; *Conklin v Triborough Bridge & Tunnel Auth.*, 49 AD3d 320, 321).  In any event, the information sought by plaintiff at a further deposition of defendant, such as statements given by defendant to her insurance carrier, was privileged (*see Beaumont v Smyth*, 306 AD2d 921, 922; *Recant v Harwood*, 222 AD2d 372, 373-374; *Sofio v Hughes*, 148 AD2d 439, 440; *Matter of Weaver v Waterville Knitting Mills*, 78 AD2d 574, 574-575). Furthermore, plaintiff failed to establish that the documents and photographs he sought were "essential to justify opposition" to the motion (CPLR 3212 [f]).

Entered:  October 3, 2014                    Frances E. Cafarell
                                             Clerk of the Court