# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

193
CA 16-00917
PRESENT: WHALEN, P.J., CENTRA, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

ROSALIE L. PACINO, PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

ROBIN F. LEWIS, DEFENDANT,
DAVE REISDORF, INC., AND MARK C. SHAW,
DEFENDANTS-RESPONDENTS.

CELLINO & BARNES, P.C., BUFFALO (ELLEN B. STURM OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

ROACH, BROWN, MCCARTHY & GRUBER, P.C., BUFFALO (MARK R. AFFRONTI OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order and judgment (one paper) of the Supreme
Court, Genesee County (Mark J. Grisanti, A.J.), entered September 21,
2015. The order and judgment, insofar as appealed from, granted that
part of the motion of defendants Dave Reisdorf, Inc., and Mark C. Shaw
seeking summary judgment dismissing the complaint against them.

It is hereby ORDERED that the order and judgment insofar as
appealed from is unanimously reversed on the law without costs, the
motion is denied in part, and the complaint against defendants Dave
Reisdorf, Inc. and Mark C. Shaw is reinstated.

Memorandum: Plaintiff commenced this negligence action to
recover damages for injuries she sustained in a motor vehicle
collision. In March 2011, a tractor-trailer owned by Dave Reisdorf,
Inc. and driven by Mark C. Shaw (Shaw) (collectively, defendants)
collided with a car driven by defendant Robin F. Lewis (Lewis), after
Lewis made a sudden left turn in front of the tractor-trailer. After
that initial collision, the tractor-trailer jackknifed, collided with
plaintiff's car, and ended up in a ditch on the opposite side of the
road, on top of plaintiff's car.

We agree with plaintiff that Supreme Court erred in granting
defendants' motion insofar as it sought summary judgment dismissing
the complaint against them on the ground that Lewis's conduct was the
sole proximate cause of the collision. Even assuming, arguendo, that
defendants met their initial burden of establishing their entitlement
to judgment as a matter of law, we conclude that plaintiff raised
triable issues of fact by submitting the affidavit of an expert
forensic examiner (*see generally Zuckerman v City of New York*, 49 NY2d
557, 562). Plaintiff's expert opined within a reasonable degree of

professional certainty that Shaw's conduct was a proximate cause of the collision with plaintiff's vehicle because he inappropriately and negligently applied the brakes, which caused the tractor-trailer to jackknife after the initial impact with Lewis's vehicle.  The expert's opinion was not based on speculation, but was supported by voluminous deposition testimony, police reports, and the New York State Commercial Driver's Manual (*cf. Penda v Duvall*, 141 AD3d 1156, 1157).

Our decision in *Colangelo v Marriott* (120 AD3d 985) does not compel a different result.  In that case, we concluded that some of the defendants were free of negligence when a collision with a third party caused the plaintiffs' vehicle to enter their right-of-way and strike their truck (*see id.* at 986).  Here, however, Shaw applied the brakes, and then defendants' tractor-trailer jackknifed, entered plaintiff's right-of-way, and struck plaintiff's vehicle.  Viewing the evidence in the light most favorable to plaintiff, the nonmoving party, we conclude that "there is an issue of fact whether [Shaw's] negligence was a proximate cause of the collision, which therefore precludes an award of summary judgment to defendants" (*Johnson v Yarussi Constr., Inc.*, 74 AD3d 1772, 1773, *lv denied* 77 AD3d 1458 [internal quotation marks omitted]).

Entered:  February 10, 2017                    Frances E. Cafarell
                                               Clerk of the Court