Appeal from an order and judgment (one paper) of the Supreme Court, Genesee County (Mark J. Grisanti, A.J.), entered September 21, 2015. The order and judgment, insofar as appealed from, granted that part of the motion of defendants Dave Reisdorf, Inc., and Mark C. Shaw seeking summary judgment dismissing the complaint against them.
It is hereby ordered that the order and judgment insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in part, and the complaint against defendants Dave Reisdorf, Inc. and Mark C. Shaw is reinstated.
Memorandum: Plaintiff commenced this negligence action to recover damages for injuries she sustained in a motor vehicle collision. In March 2011, a tractor-trailer owned by Dave Reisdorf, Inc. and driven by Mark C. Shaw (Shaw) (collectively, defendants) collided with a car driven by defendant Robin F. Lewis (Lewis), after Lewis made a sudden left turn in front of the tractor-trailer. After that initial collision, the tractor-trailer jackknifed, collided with plaintiffs car, and ended up in a ditch on the opposite side of the road, on top of plaintiffs car.
We agree with plaintiff that Supreme Court erred in granting defendants’ motion insofar as it sought summary judgment dismissing the complaint against them on the ground that Lewis’s conduct was the sole proximate cause of the collision. Even assuming, arguendo, that defendants met their initial burden of establishing their entitlement to judgment as a matter of law, we conclude that plaintiff raised triable issues of fact by submitting the affidavit of an expert forensic examiner (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Plaintiff’s expert opined within a reasonable degree of professional certainty that Shaw’s conduct was a proximate cause of the collision with plaintiffs vehicle because he inappropriately and negligently applied the brakes, which caused the tractor-trailer to jackknife after the initial impact with Lewis’s vehicle. The expert’s opinion was not based on speculation, but was supported by voluminous deposition testimony, police reports, and the New York State Commercial Driver’s Manual (cf. Penda v Duvall, 141 AD3d 1156, 1157 [2016]).
*1526 Our decision in Colangelo v Marriott (120 AD3d 985 [2014]) does not compel a different result. In that case, we concluded that some of the defendants were free of negligence when a collision with a third party caused the plaintiffs’ vehicle to enter their right-of-way and strike their truck (see id. at 986). Here, however, Shaw applied the brakes, and then defendants’ tractor-trailer jackknifed, entered plaintiff’s right-of-way, and struck plaintiff’s vehicle. Viewing the evidence in the light most favorable to plaintiff, the nonmoving party, we conclude that “there is an issue of fact whether [Shaw’s] negligence was a proximate cause of the collision, which therefore precludes an award of summary judgment to defendants” (Johnson v Yarussi Constr., Inc., 74 AD3d 1772, 1773 [2010], lv denied 77 AD3d 1458 [2010] [internal quotation marks omitted]).
Present — Whalen, P.J., Centra, DeJoseph, NeMoyer and Troutman, JJ.