Pagels v Mullen (2018 NY Slip Op 07855)





Pagels v Mullen


2018 NY Slip Op 07855


Decided on November 16, 2018


Appellate Division, Fourth Department


Curran, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND WINSLOW, JJ.


1021 CA 18-00382

[*1]FREDERICK B. PAGELS, PLAINTIFF-APPELLANT,
v
THADDEUS J. MULLEN, DEFENDANT-RESPONDENT. 






CELLINO & BARNES, P.C., BUFFALO (ELLEN B. STURM OF COUNSEL), FOR PLAINTIFF-APPELLANT.
LAW OFFICE OF DANIEL R. ARCHILLA, BUFFALO (JEFFREY SENDZIAK OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


Curran, J.
 Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered June 14, 2017. The order granted the motion of defendant for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is reversed on the law without costs, the motion is denied and the complaint is reinstated.
Opinion by Curran, J.:
This appeal arises out of a collision between defendant's vehicle and plaintiff's bicycle at the intersection of Ontario and Evelyn Streets in the City of Buffalo. Defendant, having just left a pizzeria situated at the corner of the intersection, approached the intersection intending to turn right from Evelyn Street onto Ontario Street. Defendant testified at his deposition that he stopped at the stop sign on the corner of Evelyn Street and then inched forward to peer around a vehicle parked to his left on Ontario Street. Plaintiff, who was riding his bicycle on the sidewalk parallel to Ontario Street toward Evelyn Street, collided with the side of defendant's vehicle. Plaintiff testified at his deposition that he did not know whether defendant stopped at the stop sign, but that defendant's vehicle was moving at the time of the accident. Defendant testified at his deposition that he was stopped at the time of the accident. There was no stop sign or traffic signal for vehicles traveling on Ontario Street. Defendant also testified that he did not see plaintiff until after the accident occurred, and plaintiff testified that he did not see defendant's vehicle until he was six feet from it and in the intersection, at which point plaintiff was unable to stop. Rather, plaintiff applied his brakes and attempted to go around the vehicle to his left but collided with defendant's moving vehicle somewhere between that vehicle's front wheel well and the rear quarter panel. After the accident, defendant found plaintiff on the ground, half on the street and half on the sidewalk.
Plaintiff commenced this negligence action seeking damages for injuries that he sustained in the collision and alleging that defendant was negligent in permitting his vehicle to come into contact with plaintiff. After the parties' depositions, defendant moved for summary judgment dismissing the complaint on the ground that he had "no negligence relating to the accident." Defendant also contended, inter alia, that plaintiff's violation of various sections of the Vehicle and Traffic Law constituted negligence per se. Specifically, defendant contended that plaintiff violated Vehicle and Traffic Law
§§ 1120 and 1234 (a) by failing to ride his bicycle on the right-hand side of the roadway, and that plaintiff violated section 1140 by failing to yield the right-of-way to defendant, who had already entered the intersection at the time of the accident. Plaintiff opposed the motion, contending, inter alia, that the provisions of the Vehicle and Traffic Law § 1234 (a) are inapplicable because plaintiff was riding his bicycle on a sidewalk and not a roadway, as contemplated by that section. Plaintiff further contended that issues of fact exist regarding whether defendant violated Vehicle [*2]and Traffic Law §§ 1142 and 1172 by failing to stop at the stop sign and failing to yield the right-of-way to plaintiff, and whether defendant failed to "see what [was] there to be seen." Supreme Court granted defendant's motion and dismissed the complaint. We reverse.
Defendant, as the movant for summary judgment, had the burden of establishing as a matter of law that he was not negligent or that, even if he was negligent, his negligence was not a proximate cause of the accident (see Darnley v Randazzo, 159 AD3d 1578, 1578-1579 [4th Dept 2018]; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). To meet that burden, defendant was required to establish that he fulfilled his "common-law duty to see that which he should have seen [as a driver] through the proper use of his senses" (Luttrell v Vega, 162 AD3d 1637, 1638 [4th Dept 2018] [internal quotation marks omitted]; see Sauter v Calabretta, 90 AD3d 1702, 1703 [4th Dept 2011]), "and to exercise reasonable care under the circumstances to avoid an accident" (Deering v Deering, 134 AD3d 1497, 1499 [4th Dept 2015] [internal quotation marks omitted]; see Cupp v McGaffick, 104 AD3d 1283, 1284 [4th Dept 2013]), including that he met the obligation "to keep a reasonably vigilant lookout for bicyclists" (Chilinski v Maloney, 158 AD3d 1174, 1175 [4th Dept 2018] [internal quotation marks omitted]; see Palma v Sherman, 55 AD3d 891, 891 [2d Dept 2008]). Defendant also had the burden of establishing as a matter of law that there was nothing he could do to avoid the accident (see Jackson v City of Buffalo, 144 AD3d 1555, 1556 [4th Dept 2016]).
The dissent incorrectly relies on article 26 of the Vehicle and Traffic Law to conclude that defendant had the right-of-way relative to plaintiff and plaintiff failed to yield to defendant, inasmuch as article 26 concerns which vehicle has the right-of-way in specific situations (see e.g. § 1143), and a "[b]icycle" (§ 102) is not a "[v]ehicle" (§ 159) within the ambit of article 26. To the extent that the dissent implicitly concludes that plaintiff was "upon a roadway" and subject to the duties of a vehicle driver (§ 1231), and that plaintiff bicyclist failed to yield the right-of-way to defendant vehicle operator, we reject that conclusion because it inappropriately resolves the conflicting evidence regarding whether plaintiff was already in the unmarked crosswalk in the intersection (see § 1151 [a]; see also Joannis v Cahill, 71 AD3d 1437, 1439 [4th Dept 2010]). Furthermore, even if we accepted the dissent's conclusion that defendant vehicle operator had the right-of-way, defendant still had a "duty to exercise reasonable care in proceeding through [an] intersection" (Limardi v McLeod, 100 AD3d 1375, 1376 [4th Dept 2012]), and "cannot blindly and wantonly enter an intersection" (Deering, 134 AD3d at 1499 [internal quotation marks omitted]; see Dorr v Farnham, 57 AD3d 1404, 1405-1406 [4th Dept 2008]; Halbina v Brege, 41 AD3d 1218, 1219 [4th Dept 2007]).
Notably, "summary judgment is seldom appropriate in negligence actions . . . Indeed, even when the facts are conceded there is often a question as to whether the defendant or the plaintiff acted reasonably under the circumstances. This can rarely be decided as a matter of law' " (Smith v Key Bank of W. N.Y., 206 AD2d 848, 849 [4th Dept 1994], quoting Andre v Pomeroy, 35 NY2d 361, 364 [1974]). " To grant summary judgment it must clearly appear that no material and triable issue of fact is presented . . . [, and t]his drastic remedy should not be granted where there is any doubt as to the existence of such issues' " (Halbina, 41 AD3d at 1219, quoting Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 [1957], rearg denied 3 NY2d 941 [1957]). Moreover, "[p]roximate cause is almost invariably a factual issue" (Monell v City of New York, 84 AD2d 717, 718 [1st Dept 1981]).
We conclude that defendant failed to meet his burden of establishing his entitlement to summary judgment as a matter of law on the issue of his own negligence or, even assuming, arguendo, that he was negligent, on whether his negligence was a proximate cause of the accident because: (1) his own papers contain his deposition testimony that he never saw plaintiff's bicycle before the impact; and (2) he failed to submit any other evidence establishing that there was nothing he could have done to avoid the accident. Inasmuch as defendant never saw plaintiff before the collision, he is unable to provide a non-speculative assertion that there was nothing he could do to avoid the accident. Thus, under the circumstances of this case, in the absence of eyewitnesses, expert testimony or such other evidence demonstrating defendant's inability to avoid the accident, defendant cannot meet his burden with respect to either his negligence or proximate cause. There is no need to address defendant's contentions that only plaintiff was negligent or that plaintiff's negligence was the sole proximate cause of the accident because those issues are merely the converse of defendant's burden on the motion of establishing that he was not negligent or that his negligence was not a proximate cause of the accident.
We reject the dissent's view that defendant's failure to see plaintiff, or even glance to his right where plaintiff would have been seen, does not raise triable questions of material fact with respect to defendant's negligence. Moreover, in a negligence case, "a split decision, such as this one, in which appellate judges disagree about what disputed facts may be inferred from undisputed facts, should be extremely rare" (Ferluckaj v Goldman Sachs & Co., 12 NY3d 316, 321 [2009, Pigott, J., dissenting]). We submit that this is not such a rare case inasmuch as our determination rests squarely on this Court's precedent of finding triable questions of fact regarding a party's fulfillment of the duty to see what should have been seen (see Luttrell, 162 AD3d at 1637-1638; Chilinski, 158 AD3d at 1175; Russo v Pearson, 148 AD3d 1762, 1763 [4th Dept 2017]; Sauter, 90 AD3d at 1704; Hyatt v Messana, 67 AD3d 1400, 1402 [4th Dept 2009]; Spicola v Piracci, 2 AD3d 1368, 1369 [4th Dept 2003]; see also PJI 2:77, 2:77.1).
Further, given that defendant failed to meet his initial burden, we need not review the sufficiency of plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Accordingly, we conclude that the order should be reversed, the motion should be denied and the complaint should be reinstated.
Lindley and Winslow, JJ., concur with Curran, J.;
Peradotto, J.P., dissents and votes to affirm in the following opinion in which Carni, J., concurs: We respectfully dissent because well-settled principles of law, as applied to the facts here, resolve this case in favor of defendant.
The evidence submitted by defendant in support of his motion for summary judgment established that, in accordance with the Vehicle and Traffic Law, defendant approached the stop sign on Evelyn Street and stopped before entering the crosswalk running parallel to Ontario Street (see § 1172 [a]; see also § 110 [a]). After having stopped, defendant appropriately proceeded to move slowly beyond the stop sign into the crosswalk in order to peer around a vehicle parked to his left on Ontario Street and thereby observe approaching vehicles to which he was required to yield before making a right turn onto that street (see §§ 1142 [a]; 1172 [a]). Defendant established that he had the right-of-way relative to plaintiff inasmuch as defendant was properly positioned partially across the crosswalk while fulfilling his obligation to observe traffic conditions to the left and yield to approaching vehicles on Ontario Street (see § 1142 [a]; see generally Olsen v Baker, 112 AD2d 510, 511 [3d Dept 1985], lv denied 66 NY2d 604 [1985]), and that plaintiff, by entering upon the roadway from the sidewalk and attempting to cross Evelyn Street in the crosswalk when defendant's vehicle was, according to plaintiff's deposition testimony, "already in the intersection . . . trying to enter the flow of traffic" on Ontario Street (emphasis added), failed to yield the right-of-way to defendant (see § 1143; Green v Mower, 302 AD2d 1005, 1006 [4th Dept 2003], affd 100 NY2d 529 [2003]; Johnson v Murphy, 121 AD3d 1589, 1590 [4th Dept 2014]; Wolbe v Fishman, 29 AD3d 785, 785-786 [2d Dept 2006]; see also § 1231; see generally Joannis v Cahill, 71 AD3d 1437, 1438 [4th Dept 2010]). Given such evidence, the majority's assertion that there is conflicting evidence precluding the conclusion that plaintiff failed to fulfill his duty to yield the right-of-way to defendant is belied by the record (see Green, 302 AD2d at 1006; see also §§ 1143, 1231).
Contrary to the majority's holding, "[w]hile a driver is required to see that which through proper use of [his] . . . senses [he] should have seen . . . , a driver who has the right-of-way is entitled to anticipate that [a bicyclist] will obey the traffic law requiring him . . . to yield . . . [A] driver with the right-of-way who has only seconds [or no time] to react to a [bicycle] which has failed to yield is not . . . negligent for failing to avoid the collision" (George v Cerat, 118 AD3d 1475, 1476 [4th Dept 2014] [internal quotation marks omitted]). Inasmuch as defendant abided by the applicable provisions of the Vehicle and Traffic Law and had the right-of-way relative to plaintiff, he was entitled to anticipate that plaintiff would obey the traffic law requiring him to yield, and defendant was not negligent for failing to avoid the collision when plaintiff entered the roadway, neglected to yield, and rode his bicycle into the side of defendant's already-present vehicle (see id.; Rosenberg v Kotsek, 41 AD3d 573, 574 [2d Dept 2007]; see generally Aiello v City of New York, 32 AD3d 361, 362 [1st Dept 2006]). Defendant's deposition testimony that he did not see plaintiff's bicycle before the collision does not raise an issue of fact under these circumstances, and is entirely consistent with the evidence and to be expected given that defendant was already in a forward position partially across the crosswalk with the right-of-way relative to plaintiff when plaintiff rode his bicycle into the side of defendant's vehicle somewhere [*3]between the front wheel well and the rear quarter panel. Based on the foregoing, we conclude that the order should be affirmed because defendant met his initial burden of establishing as a matter of law that he was not negligent and, inasmuch as plaintiff did not submit any conflicting evidence in opposition to the motion, he failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Entered: November 16, 2018
Mark W. Bennett
Clerk of the Court