Godwin v Mancuso (2019 NY Slip Op 02248)





Godwin v Mancuso


2019 NY Slip Op 02248


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1370 CA 18-01338

[*1]DEANA GODWIN, PLAINTIFF-RESPONDENT,
v
KARLY MANCUSO, DEFENDANT-APPELLANT. 






LAW OFFICE OF DANIEL R. ARCHILLA, BUFFALO (MARTHA E. DONOVAN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GOMEZ & BECKER, LLP, BUFFALO (BRETT D. TOKARCZYK OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Niagara County (Sara Sheldon, A.J.), entered June 28, 2018. The order, among other things, denied the motion of defendant insofar as it sought in the alternative summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint is dismissed.
Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when her vehicle was struck by a vehicle operated by defendant. The accident occurred when plaintiff made a left turn in front of defendant's oncoming vehicle, which was traveling in a westerly direction in the right lane of Niagara Falls Boulevard. We conclude that Supreme Court erred in denying defendant's motion insofar as it sought in the alternative summary judgment dismissing the complaint. Defendant met her initial burden of establishing that she had the right-of-way, that she was operating her vehicle in a lawful and prudent manner, and that there was nothing she could have done to avoid the accident (see Heltz v Barratt, 115 AD3d 1298, 1299 [4th Dept 2014], affd 24 NY3d 1185 [2014]; George v Cerat, 118 AD3d 1475, 1476 [4th Dept 2014]; Lescenski v Williams, 90 AD3d 1705, 1705-1706 [4th Dept 2011], lv denied 18 NY3d 811 [2012]; see also Vehicle and Traffic Law § 1141).
Contrary to plaintiff's contention, she failed to raise an issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Viewing the evidence in the light most favorable to plaintiff (see Pacino v Lewis, 147 AD3d 1525, 1526 [4th Dept 2017]), we conclude that the record establishes that plaintiff made a left turn in front of defendant's oncoming vehicle, which was only four car lengths away from the intersection and traveling at the speed limit of 40 miles per hour. At that speed and distance, defendant entered the intersection with insufficient time to take evasive action to avoid the collision (see Koenig v Lee, 53 AD3d 567, 568 [2d Dept 2008]; Dawley v McCumber, 48 AD3d 1270, 1271 [4th Dept 2008]; Lucksinger v M.T. Unloading Servs., 280 AD2d 741, 742 [3d Dept 2001]). Thus, defendant's vehicle was so close to the intersection as to constitute an immediate hazard to the left-turning plaintiff, and plaintiff was therefore required to yield the right-of-way to defendant (see Vehicle and Traffic Law § 1141).
In addition, plaintiff's assertion that the traffic light facing her vehicle had changed from green to yellow just before she started to make her left turn does not raise a question of fact inasmuch as a yellow light would not deprive defendant of the right-of-way and confer it upon plaintiff (see id.). Plaintiff's further assertion that the traffic light facing defendant's vehicle might have been red by the time plaintiff executed her left turn, thereby depriving defendant of the right-of-way, is raised for the first time on appeal, and it is therefore not properly before us (see Rose v Leberth, 128 AD3d 1492, 1493 [4th Dept 2015]; Garza v Taravella, 74 AD3d 1802, 1803 [4th Dept 2010]). In any event, there is no proof in the record that the traffic light was red, [*2]and thus plaintiff's contention is based solely on speculation (see Limardi v McLeod, 100 AD3d 1375, 1376 [4th Dept 2012]; Maloney v Niewender, 27 AD3d 426, 427 [2d Dept 2006]).
Finally, we reject plaintiff's contention that there is a question of fact whether defendant was negligent by being inattentive to the intersection and not seeing plaintiff's vehicle until just before the collision. Inasmuch as defendant was entitled to anticipate that plaintiff would yield the right-of-way, the fact that defendant did not notice plaintiff's vehicle until it turned in front of her does not raise a question of fact whether defendant was negligent (see George, 118 AD3d at 1476; Limardi, 100 AD3d at 1375-1376; Pomietlasz v Smith, 31 AD3d 1173, 1174 [4th Dept 2006]).
Entered: March 22, 2019
Mark W. Bennett
Clerk of the Court