Gilkerson v Buck (2019 NY Slip Op 05435)





Gilkerson v Buck


2019 NY Slip Op 05435


Decided on July 5, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND WINSLOW, JJ.


62 CA 18-00595

[*1]MICHAEL L. GILKERSON, PLAINTIFF-RESPONDENT,
v
JASON L. BUCK, MATTHEW J. SILE, JAMES W. SILE, ET AL., DEFENDANTS, AND ASHLEY E. EVANS, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






LAW OFFICES OF JENNIFER S. ADAMS, YONKERS (NICOLE PALMERTON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
FANIZZI & BARR, P.C., NIAGARA FALLS (MELISSA A. MURPHY OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Niagara County (Sara Sheldon, A.J.), entered November 16, 2017. The order denied the motion of defendant Ashley E. Evans for summary judgment dismissing the complaint of plaintiff Michael L. Gilkerson and cross claims against her. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs Michael L. Gilkerson and Amber M. Talarico commenced separate negligence actions against the same defendants, seeking to recover damages for injuries that they sustained in a multivehicle accident. Defendant Matthew J. Sile (Matthew) was driving a pick-up truck owned by his father, defendant James W. Sile, when the truck was broadsided in an intersection by a vehicle driven by defendant Jason L. Buck. When Buck's vehicle collided with Matthew's truck, the truck flipped over and subsequently collided with Gilkerson's motorcycle, causing injuries to Gilkerson and his passenger, Talarico. Ashley E. Evans (defendant) was traveling in a minivan behind plaintiffs' motorcycle and also became involved in the accident. In each action, defendant moved for summary judgment dismissing the complaint and cross claims against her. Defendant asserted that she cannot be found negligent because she did not cause the collision between Buck's vehicle and Matthew's truck or the collision between the truck and plaintiffs' motorcycle, and there is no evidence that defendant's vehicle ever came into contact with plaintiffs or their motorcycle. Defendant further asserted that, even if a question of fact exists whether her vehicle came into contact with plaintiffs or their motorcycle, her conduct was not a proximate cause of the accident because she was driving reasonably and prudently when she was confronted with an emergency situation. In appeal No. 1, defendant appeals from an order denying her motion for summary judgment dismissing Gilkerson's complaint and all cross claims against her. In appeal No. 2, defendant appeals from an order denying her motion for summary judgment dismissing Talarico's complaint and all cross claims against her. We affirm.
We reject defendant's contention that Supreme Court erred in denying her motions. In her motions, defendant had the initial burden of establishing as a matter of law either that she was not negligent or that any negligence on her part was not a proximate cause of the accident (see Darnley v Randazzo, 159 AD3d 1578, 1578-1579 [4th Dept 2018]; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). We conclude in both appeals that defendant failed to meet that burden (see Deering v Deering, 134 AD3d 1497, 1498-1499 [4th Dept 2015]; see generally Daniels v Rumsey, 111 AD3d 1408, 1410 [4th Dept 2013]).
Here, defendant submitted in support of her motions her own deposition testimony, in which she initially testified that her minivan did collide with plaintiffs' motorcycle, but then also testified that her minivan did not collide with plaintiffs' motorcycle. Inasmuch as defendant's own submissions raise questions of fact whether her vehicle came into contact with plaintiffs or their motorcycle, defendant failed to meet her initial burden on the motions with respect to that issue (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see also Sauter v Calabretta, 90 AD3d 1702, 1703-1704 [4th Dept 2011]). Even assuming, arguendo, that defendant met her prima facie burden on her motions, we conclude that each plaintiff raised a triable issue of fact in opposition. Each plaintiff submitted, inter alia, an affidavit of Gilkerson with supporting photographs depicting extensive damage to the rear of plaintiffs' motorcycle, damage to the front of defendant's minivan, and a saddlebag and luggage rack from the motorcycle located on the pavement beside defendant's minivan. That evidence, although circumstantial, supports the inference that the front of defendant's minivan came into contact with the rear of plaintiffs' motorcycle (cf. Cardy v Garretson, 277 AD2d 1039, 1040 [4th Dept 2000]; see generally Luttrell v Vega, 162 AD3d 1637, 1637-1638 [4th Dept 2018]), and we reject defendant's contention that such evidence was insufficient to raise a question of fact without the support of an affidavit from an expert accident reconstructionist (see generally De Long v County of Erie, 60 NY2d 296, 307 [1983]).
Furthermore, viewing the evidence in the light most favorable to plaintiffs, as we must (see Esposito v Wright, 28 AD3d 1142, 1143 [4th Dept 2006]), we conclude that defendant failed to make a prima facie showing of entitlement to judgment as a matter of law based on the emergency doctrine. " [T]he emergency doctrine does not automatically absolve a person from liability for his or her
conduct' " (Colangelo v Marriott, 120 AD3d 985, 987 [4th Dept 2014]), and defendant's submissions in support of her motions raised issues of fact whether she was operating her minivan lawfully and prudently prior to the accident.
In determining whether the actions of a driver are reasonable in light of an emergency situation, both the driver's awareness of the situation and his or her actions prior to the occurrence of the emergency must be considered (see Ferrer v Harris, 55 NY2d 285, 292-293 [1982], remittitur amended 56 NY2d 737 [1982]). Here, defendant's deposition testimony established that she saw Buck's car on the access road approaching the stop sign "very, very fast," "like he was still on the Thruway," and that she also observed Matthew's pick-up truck approaching the intersection. Defendant was "very conscious . . . because [she knew] there [were] a lot of accidents that happen on this road because people do not pay attention to the stop sign at that [a]ccess [r]oad," and she "start[ed] to get nervous" that Buck's vehicle was moving too fast to stop for the stop sign. Despite defendant's awareness that the intersection presented a particular danger and her observations of Buck's vehicle, however, defendant did not slow down, move over, or apply her brakes until after she saw Buck's vehicle "smash into the truck." At that point, defendant did not know where the motorcycle was in relation to her minivan. We thus conclude that issues of fact exist whether defendant, in taking no evasive action and in making no effort to slow down, or move over, or otherwise attempt to avert the impending collision, responded reasonably under the circumstances (see Dalton v Lucas, 96 AD3d 1648, 1649 [4th Dept 2012]; see also Andrews v County of Cayuga, 96 AD3d 1477, 1479 [4th Dept 2012]) and whether her failure to observe that plaintiffs' motorcycle was slowing down in front of her minivan contributed to the emergency situation (see Stewart v Ellison, 28 AD3d 252, 254 [1st Dept 2006]).
Entered: July 5, 2019
Mark W. Bennett
Clerk of the Court